### ESSELBURN & ELLIS, INC v MAZZAGATTI et

Ohio Appeals, 9th Dist, Summit Co

No 1931. Decided Jan 5, 1932

Frank & Ream and Ford L. Carpenter, Akron, for plaintiff.

O. L. Dally and Musser, Kimber & Huffman, Akron, for defendants.

318

## WASHBURN, J.

It is unnecessary to determine whether Closen was a fictitious person or an accomplice of Marlot in the fraud practiced upon both the plaintiff and the defendants, because we find that the plaintiff was not guilty of any wrong or negligence which deprived it of the character of an innocent party in the transaction.

The case then presents the simple question of which of two innocent parties shall bear the loss occasioned by the fraud and wrong of Marlot.

We hold that when all of the evidence is considered the facts and reasonable inferences deducible therefrom are such as to require the application of the well established principle announced in **Selser v. Brock, 3 Oh St 302**, which is that—

"Where one of two innocent persons must suffer by the fraud of a third person, he who first trusted such third person, and placed in his hands the means which enabled him to commit the wrong, must bear the loss."

The defendants employed Marlot as their agent to close said transaction and put the purchase price in his hands to disburse and thereby enabled Marlot to obtain a record title to the real estate in the name of James Closen, and thus furnished Marlot the means by which he practiced a fraud upon plaintiff, who was certainly as innocent of any wrong or negligence as were the defendants.

A decree the same as was entered in the Common Pleas Court may be entered in this court, and the cause remanded for execution.

PARDEE, PJ and FUNK, J, concur.